MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
EMILIO GONZALEZ, *individually and on*
*behalf of others similarly situated,*

*Plaintiff,*

-against-

THAI SMILE RESTAURANT INC. (d/b/a TUE
THAI FOOD), PRASONG
PORNPICHAYANURAK, and SUPHAKIT SAE
UE

*Defendants.*
-----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

 Plaintiff Emilio Gonzalez ("Plaintiff Gonzalez" or "Mr. Gonzalez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Thai Smile Restaurant Inc. (d/b/a Tue Thai Food ) ("Defendant Corporation"), Prasong Pornpichayanurak, and Suphakit Sae Ue (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

 1. Plaintiff Gonzalez is a former employee of Defendants Thai Smile Restaurant Inc. (d/b/a Tue Thai Food), Prasong Pornpichayanurak, and Suphakit Sae Ue.

 2. Tue Thai Food is a Thai restaurant owned by Prasong Pornpichayanurak and Suphakit Sae Ue located at 3 Greenwich Avenue, New York, New York 10014.

3.      Upon information and belief, Defendants Prasong Pornpichayanurak and Suphakit Sae Ue serve or served as owners, managers, principals and/or agents of Defendant Corporation, and through this corporate entity operate the restaurant.

4.      Plaintiff Gonzalez is a former employee of Defendants.

5.      Plaintiff Gonzalez was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to cutting vegetables, twisting and tying up cardboard boxes, taking out the garbage, cleaning the kitchen, preparing food, cutting meat, chicken, and pork, and stocking rice and other items in the storage room (hereinafter, "non-delivery, non-tip duties").

6.      Plaintiff Gonzalez regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Gonzalez appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Gonzalez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Gonzalez as a delivery worker in their payroll, but in actuality his duties included greater or equal time spent performing the non-delivery, non-tipped duties alleged above.

10.      At all times, regardless of duties, Defendants paid Plaintiff Gonzalez and all other delivery workers at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Gonzalez's non-tipped duties exceeded 20% of each workday, (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Gonzalez's actual duties in payroll records to avoid paying Plaintiff Gonzalez at the minimum wage rate, and to enable them to pay Plaintiff Gonzalez at the lower tip-credited rate (which they still failed to do) by designating him as a delivery worker instead of a non-tipped employee.

13.     Defendants' conduct extended beyond Plaintiff Gonzalez to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gonzalez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Gonzalez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16. Plaintiff Gonzalez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Gonzalez's state law claims is conferred by 28 U.S.C. § 1367(a).

18. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Gonzalez was employed by Defendants in this district.

## PARTIES

*Plaintiff Emilio Gonzalez*

19. Plaintiff Gonzalez is an adult individual residing in Kings County, New York.

20. Plaintiff Gonzalez was employed by Defendants from approximately November 2012 until on or about July 12, 2016.

21. Pursuant to 29 U.S.C. § 216(b), Plaintiff Gonzalez consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

22.    At all times relevant to this Complaint, Defendants owned, operated, and/or controlled a Thai restaurant located at 3 Greenwich Avenue, New York, New York 10014 under the name "Tue Thai Food."

23.    Upon information and belief, Thai Smile Restaurant Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3 Greenwich Avenue, New York, New York 10014.

24.    Defendant Prasong Pornpichayanurak is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Prasong Pornpichayanurak is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

25.    Defendant Prasong Pornpichayanurak possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

26.    Defendant Prasong Pornpichayanurak determined the wages and compensation of the employees of Defendants, including Plaintiff Gonzalez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

27.    Defendant Suphakit Sae Ue is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Suphakit Sae Ue is sued individually and in her capacity as an owner, officer and/or agent of Defendant Corporation.

28. Defendant Suphakit Sae Ue possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

29. Defendant Suphakit Sae Ue determined the wages and compensation of the employees of Defendants, including Plaintiff Gonzalez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

30. Defendants operate a Thai restaurant located at 3 Greenwich Avenue, New York, New York 10014.

31. Individual Defendants Prasong Pornpichayanurak and Suphakit Sae Ue possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

32. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

33. Each Defendant possessed substantial control over Plaintiff Gonzalez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gonzalez, and all similarly situated individuals, referred to herein.

34. Defendants jointly employed Plaintiff Gonzalez, and all similarly situated individuals, and are Plaintiff Gonzalez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

35. In the alternative, Defendants constitute a single employer of Plaintiff Gonzalez and/or similarly situated individuals.

36. Upon information and belief, individual defendants Prasong Pornpichayanurak and Suphakit Sae Ue operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

    (a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b)    defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c)    transferring assets and debts freely as between all Defendants;

    (d)    operating Defendant Corporation for their own benefit as the sole or majority shareholders;

    (e)    operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    (f)    intermingling assets and debts of their own with Defendant Corporation;

    (g)    diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

37.     At all relevant times, Defendants were Plaintiff Gonzalez's employers within the meaning of the FLSA and NYLL.

38.     Defendants had the power to hire and fire Plaintiff Gonzalez, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Gonzalez's services.

39.     In each year from 2012 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the Thai restaurant on a daily basis, such as meat and lettuce, were produced outside of the State of New York.

*Individual Plaintiff*

41.     Plaintiff Gonzalez is a former employee of Defendants ostensibly employed as a delivery worker, but who spent more than 20% of each shift performing the non-delivery, non-tip duties outlined above.

42.     Plaintiff Gonzalez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Emilio Gonzalez*

43.     Plaintiff Gonzalez was employed by Defendants from approximately November 2012 until on or about July 12, 2016.

44.     At all relevant times, Plaintiff Gonzalez was ostensibly employed by Defendants as a delivery worker.

45.     However, Plaintiff Gonzalez spent more than 20% of each work day performing the non-delivery, non-tip duties outlined above.

46.     Plaintiff Gonzalez regularly handled goods in interstate commerce, such as meat and vegetables produced outside of the State of New York.

47.     Plaintiff Gonzalez's work duties required neither discretion nor independent judgment.

48.     From approximately November 2012 until on or about November 2013, Plaintiff Gonzalez worked from approximately 1:00 p.m. until on or about 11:30 p.m. Mondays and Wednesdays (typically 21 hours per week).

49.     From approximately November 2013 until on or about July 12, 2016, Plaintiff Gonzalez worked from either approximately 12:00 p.m. until on or about 10:30 p.m. or from approximately 1:00 p.m. until on or about 11:30 p.m. on Mondays, from either approximately 1:00 p.m. until on or about 4:00 p.m. or from approximately 12:00 p.m. until on or about 4:00 p.m. on Tuesdays, from approximately 1:00 p.m. until on or about 11:30 p.m. on Thursdays and Fridays, from approximately 5:00 p.m. until on or about 11:30 p.m. on Saturdays and Sundays (typically 47.5 or 48.5 hours per week).

50.     Throughout his employment with Defendants, Plaintiff Gonzalez was paid his wages in cash.

51.     From approximately November 2012 until on or about November 2015, Plaintiff Gonzalez was paid a fixed salary of $50 per day.

52.    From approximately November 2015 until on or about July 12, 2016, Plaintiff Gonzalez was paid a fixed salary of $60 per week.

53.    Plaintiff Gonzalez's wages did not vary regardless of how many additional hours he worked in a week.

54.    In fact, Defendants required Plaintiff Gonzalez to work 30 minutes past his scheduled departure time regularly, without paying him any additional compensation.

55.    Plaintiff Gonzalez was never notified by Defendants that his tips would be included as an offset for wages.

56.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Gonzalez's wages.

57.    Defendants did not provide Plaintiff Gonzalez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

58.    Plaintiff Gonzalez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

59.    Defendants never provided Plaintiff Gonzalez with a written notice, in English and in Spanish (Plaintiff Gonzalez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gonzalez regarding overtime and wages under the FLSA and NYLL.

61.    Defendants required Plaintiff Gonzalez to purchase "tools of the trade" with his own funds—including two bicycles, 6 sets of lights, and additional costs for maintenance of the

bicycle.

*Defendants' General Employment Practices*

62.      Defendants regularly required their employees, including Plaintiff Gonzalez, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or spread of hours compensation.

63.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gonzalez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

64.      At no time did Defendants inform their employees, including Plaintiff Gonzalez, that they had reduced their hourly wages by a tip allowance.

65.      Defendants habitually required their employees, including Plaintiff Gonzalez, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

66.      Defendants required all delivery workers, including Plaintiff Gonzalez, to perform general non-delivery, non-tipped Thai restaurant tasks in addition to their primary duties as delivery workers.

67.      Plaintiff Gonzalez, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-delivery, non-tipped duties.

68.      Plaintiff Gonzalez and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants. However, under state law, Defendants were not

entitled to a tip-credit because the delivery worker's and Plaintiff Gonzalez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

69.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip-credit for any employee time if that time is devoted to a non-tipped occupation.

70.     The delivery worker's, including Plaintiff Gonzalez's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general Thai restaurant work with duties, including the non-tipped duties described above.

71.     In violation of federal and state law as codified above, Defendants classified Plaintiff Gonzalez and other delivery workers as tipped employees but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

72.     Defendants' pay practices resulted in Defendants' delivery workers, including Plaintiff Gonzalez, not receiving payment for all their hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

73.     Plaintiff Gonzalez was paid his wages entirely in cash.

74.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

75.     Upon information and belief, these practices were done to disguise the actual number of hours Plaintiff Gonzalez, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

76.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Gonzalez, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Gonzalez's, relative lack of sophistication in wage and hour laws.

77.     Defendants failed to provide Plaintiff Gonzalez and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

78.     Defendants failed to provide Plaintiff Gonzalez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

79.     Plaintiff Gonzalez brings his FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

80.     At all relevant times, Plaintiff Gonzalez, and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

81.     The claims of Plaintiff Gonzalez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

82.     Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though fully set forth herein.

14

83.     At all times relevant to this action, Defendants were Plaintiff Gonzalez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Gonzalez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

84.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

85.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

86.     Defendants failed to pay Plaintiff Gonzalez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

87.     Defendants' failure to pay Plaintiff Gonzalez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiff Gonzalez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE FLSA OVERTIME PROVISIONS

89.     Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Gonzalez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff

Gonzalez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

91.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

92.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

93.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Gonzalez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

94.     Defendants' failure to pay Plaintiff Gonzalez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

95.      Plaintiff Gonzalez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK MINIMUM WAGE RATE**

96.     Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though fully set forth herein.

97.     At all times relevant to this action, Defendants were Plaintiff Gonzalez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Gonzalez (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

16

98.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Gonzalez (and the FLSA Class members) less than the minimum wage.

99.     Defendants' failure to pay Plaintiff Gonzalez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

100.     Plaintiff Gonzalez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW**

101.     Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though fully set forth herein.

102.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Gonzalez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

103.     Defendants' failure to pay Plaintiff Gonzalez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

104.     Plaintiff Gonzalez was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMISSIONER OF LABOR**

105.     Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though fully set forth herein.

106.     Defendants failed to pay Plaintiff Gonzalez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Gonzalez's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6(a) (2009).

107.     Defendants' failure to pay Plaintiff Gonzalez an additional hour's pay for each day Plaintiff Gonzalez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

108.     Plaintiff Gonzalez was damaged in an amount to be determined at trial.

<u>**SIXTH CAUSE OF ACTION**</u>
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

109.     Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though fully set forth herein.

110.     Defendants failed to provide Plaintiff Gonzalez with a written notice, in English and in Spanish (Plaintiff Gonzalez's  primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

111.     Defendants are liable to Plaintiff Gonzalez in the amount of $5,000, together with costs and attorneys' fees.

<u>**SEVENTH CAUSE OF ACTION**</u>
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

112.     Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though set forth fully herein.

113.     Defendants did not provide Plaintiff Gonzalez with a statement of wages with each payment of wages, as required by NYLL 195(3).

114.     Defendants are liable to Plaintiff Gonzalez in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

115.     Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though set forth fully herein.

116.     Defendants required Plaintiff Gonzalez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

117.     Plaintiff Gonzalez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gonzalez respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gonzalez and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gonzalez and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gonzalez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Gonzalez and the FLSA class members;

(f)     Awarding Plaintiff Gonzalez and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Gonzalez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gonzalez and the members of the FLSA Class;

(i)	Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Gonzalez and the members of the FLSA Class;

(j)	Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Gonzalez's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)	Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Gonzalez and the FLSA Class members;

(l)	Awarding Plaintiff Gonzalez and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages;

(m)	Awarding Plaintiff Gonzalez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)	Awarding Plaintiff Gonzalez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)	Awarding Plaintiff Gonzalez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)	 Awarding Plaintiff Gonzalez and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(q)	Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

      (r)      All such other and further relief as the Court deems just and proper.


Dated: New York, New York
       August 10, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.


_____/s/ Michael Faillace_____

By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 2540
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540                                      Telephone: (212) 317-1200
New York, New York 10165                                    Facsimile: (212) 317-1620
————

Faillace@employmentcompliance.com


July 20, 2016

BY HAND


TO:    Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                           Emilio Gonzalez-Garcia

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:                        *Emilio Gonzalez-Garcia*

Date / Fecha:                                 20 de julio de 2016